**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ARIK TUCKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-107-JEM |
| | ) | |
| INDIANA HARBOR BELT | ) | |
| RAILROAD COMPANY, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Indiana Harbor Belt Railroad Company's

Motion for Summary Judgment [DE 18], filed on February 3, 2026.

**I.      Background**

On March 25, 2024, Plaintiff Arik Tucker, filed a Complaint pursuant to the Federal

Employers' Liability Act (FELA) 45 U.S.C. § 51, *et seq*., asserting claims for injuries sustained in

the course of his employment.

Defendant argues that the undisputed facts mandate judgment in its favor because Plaintiff

was the sole cause of his injury and Defendant did not breach any duty to Plaintiff. Plaintiff filed

his response on March 25, 2026, and on April 17, 2026, Defendant filed its reply.

The parties have filed forms of consent to have this case assigned to a United States

Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in

this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Child.'s Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

2

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

III.    **Undisputed Material Facts**

In this case, as the moving party, Defendant submitted a Statement of Material Facts, in

accord with Northern District of Indiana Local Rule 56-1(a), along with appropriate citations to supporting evidence. Plaintiff responded to that Statement of Material Facts and submitted a Statement of Additional Facts, which Defendant responded to. The following facts are undisputed per the parties' statements of facts and responses.

Plaintiff was employed as a vehicle operator by Defendant, a railroad. On February 24, 2023, at the beginning of Plaintiff's shift he reported to work at the office trailer for the morning job briefing, conducted by supervisor Scott Johnovan. Plaintiff was assigned that day to a workgroup with foreman Juan Rodriguez and another employee, Steven Miller. The job briefing included the safety rules of the day and the job assignments for the day. Plaintiff's workgroup was assigned to move a cabinet from the locomotive roundhouse to the West End Office. The workgroup reported to the roundhouse to load the cabinet, located inside the roundhouse. At the roundhouse, the workgroup then worked with vehicle operator Stephanie Hernandez to load the cabinet in the back of a company box truck to move it to the West End Office. Hernandez used a forklift to pick up the cabinet, move it to the box truck and then set it on the rear tail gate of the truck. Plaintiff's workgroup then leaned the cabinet over onto its side and pushed it into the back of the truck. Plaintiff did not experience any issues with his shoulder pushing the cabinet. Once the cabinet was inside the truck, Plaintiff then drove it to the West End Office. The West End Office had an exterior set of stairs that had to be removed prior to sliding the cabinet inside. Once the stairs and concrete parking blocks in front of the stairs were removed, Plaintiff backed the truck into position. The plan had been to push the cabinet through the doorway. All three members of the workgroup then got into the back of the truck and pushed the cabinet towards the door to the West End Office. As they were pushing, the cabinet got stuck on the "lip" of the threshold of the

door. Plaintiff then got out of the truck to see what the issue was and saw that the cabinet was blocked from moving forward by a metal or rubber strip along the bottom of the door frame. Plaintiff testified that he told his co-workers "that [the cabinet] had to be lifted over the threshold" but does not recall any response from Rodriguez or Miller and did not have a discussion with them about how to move the cabinet. Plaintiff testified that he " just got into position and lifted."

On February 27, 2023, Plaintiff attended a medical appointment and completed a patient questionnaire on which he wrote that his right shoulder pain started on June 20, 2013, and was an 8 out of 10 in terms of severity. He described his shoulder condition as "aching, burning, heaviness, sore, tightness and tiring" and wrote that the pain was constant.  On March 22, 2023, Plaintiff had shoulder surgery, and on October 16, 2023, Plaintiff was cleared to return to work without restrictions. Since his return, he has been able to perform all of his job duties without difficulty and has not taken any days off for medical management. He is not treating for his shoulder and takes no medications, prescription or otherwise, for it.

## IV.    Analysis

Defendant moves for summary judgment on Plaintiff's FELA claim. Plaintiff claims that Defendant negligently failed to provide him with a reasonably safe place to work in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*. FELA imposes upon railroad carriers a duty to provide a safe workplace. *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 741 (7th Cir. 2005). It provides, in relevant part:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . track, roadbed . . . or other equipment.

5

45 U.S.C. § 51. To establish negligence for purposes of the FELA, a plaintiff must prove the common law elements of negligence including duty, breach, foreseeability, and causation. *Green v. CSX Transp., Inc.*, 414 F.3d 758, 766 (7th Cir. 2005). However, the standard for causation is lower than at common law because a plaintiff needs to show only that the employer's negligence played some part, "even the slightest," in his injury. *Id.*; *Holbrook*, 414 F.3d at 742. Although this relaxed standard of causation may make it easier for a plaintiff to survive a motion for summary judgment, the summary judgment standard itself does not change. *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994). Accordingly, "[i]f the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment is properly granted." *Lisek*, 30 F.3d at 832.

A FELA plaintiff will be successful in a claim for injuries if "[railroad] negligence played a part—no matter how small—in bringing about the injury." *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2636 (2011). The Supreme Court described the standard for causation under FELA and its difference from the "usual proximate cause standard," in *McBride*:

> Thus, if a person has no reasonable ground to anticipate that a particular condition would or might result in a mishap and injury, then the party is not required to do anything to correct the condition. If negligence is proved, however, and is shown to have *played any part, even the slightest, in producing the injury*," then the carrier is answerable in damages even if the extent of the injury or the manner in which it occurred was not probable or foreseeable.

131 S. Ct. at 2643 (footnote omitted) (quoting *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957); *Gallick v Baltimore & Ohio R. Co.* 372 U.S. 108, 120-121and n. 8 (1963) (quotation marks omitted)

6

Plaintiff alleges that he hurt his shoulder while lifting the cabinet over the lip of the door into the office. Defendant argues that even if that is how his shoulder was injured, Plaintiff was not supposed to lift the cabinet as part of the job plan. The parties dispute whether the job briefing was adequate, with Plaintiff arguing that the foreman should have conducted a revised job briefing when lifting became necessary, and that in order to properly conduct a revised job briefing, the weight of the cabinet would have had to be taken into consideration. Defendant argues that Plaintiff caused his own injury by lifting without waiting for a job briefing.

There are material factual disputes as to whether the job was properly briefed when the nature of the job changed and lifting was required rather than simply pushing, and whether a proper job briefing would have included knowing the weight of the cabinet. The parties agree that no job briefing occurred when the nature of the job changed, and Defendant argues that Plaintiff should not have lifted absent a revised job briefing, while Plaintiff argues that it was not his responsibility to conduct that job briefing and the responsible employee did not do so. D's St. of Facts, ¶ 17 [DE 20]; Pl's St. of Facts ¶¶ 56, 58, 59, 61, 64, 65, 70, 72, 73, 74, 75, 84-86 [DE 25]. The parties disagree on whether co-worker Rodriguez also lifted the cabinet over the threshold or pushed. See D's St. of Facts, ¶ 18 [DE 20]; Pl's St. of Facts ¶¶ 28, 43 [DE 25]. There also appear to be disputed facts as to the extent of Plaintiff's shoulder issues prior to the incident at issue.

Because there are genuine issues of material fact, particularly whether there was a proper job briefing about lifting, the Court cannot enter summary judgment.

V.     **Conclusion**

Accordingly, the Court **DENIES** Defendant Indiana Harbor Belt Railroad Company's Motion for Summary Judgment [DE 18] and **SETS** this matter for a telephonic status hearing to

7

set trial and pretrial deadlines on **May 21, 2026, at 9:30 a.m.** (Central Time) before Magistrate Judge John E. Martin. Parties are instructed to dial 833-568-8864, enter meeting ID number 161 0956 8055#, push # to skip entry of a participant ID and enter passcode 815985# at least five minutes before the conference start time.

SO ORDERED this 27th day of April, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

8